IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

REBECCA HORODA                                                          PLAINTIFF

V.                              NO. 12-5006

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration                      DEFENDANT

## **MEMORANDUM OPINION**

Plaintiff, Rebecca Horoda, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff filed her current applications for DIB and SSI on July 15, 2009 and August 15, 2009, respectively, alleging an inability to work since July 1, 2009, due to schizophreniform disorder,[1] psychosis form of paranoia, bipolar disorder, anxiety, hallucinations auditory,

---

[1] Schizophreniform disorder - (1) a disorder with essential features that are identical with those of schizophrenia, with the exception that the duration including prodormal, active, and residual phases is shorter than 6 months. (2) a DSM diagnosis that is established when the specific criteria are met. Stedman's Medical Dictionary 570 (28th ed. 2006).

delusional, severe paranoia, concentration problems, focus problems, and depression. (Tr. 126-130, 162). An administrative hearing was held on April 28, 2010, at which Plaintiff appeared with counsel, and she and her roommate testified. (Tr. 24-70).

By written decision dated November 22, 2010, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - bipolar disorder and affective disorder. (Tr. 13). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform a full range of work at all exertional levels but with the following nonexertional limitation: the claimant can perform work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote, with few variables and little judgment involved, and the supervision required is simple, direct, and concrete. In addition, the claimant cannot perform quota driven work.

(Tr. 15). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff could perform such jobs as stock clerk/linen room attendant; dishwasher/kitchen helper; and maid house cleaner. (Tr. 18).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied the request on November 14, 2011. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 8, 9).

The Court has reviewed the entire transcript. The complete set of facts and arguments

are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for

at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience.  See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC).  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

**III.    Discussion:**

Plaintiff raises the following arguments on appeal: 1) whether the ALJ's decision denying Plaintiff disability benefits was based on substantial evidence from the record as a whole; and whether the ALJ committed reversible error when he determined Plaintiff did not meet a listing level severity, by failing to consider all of her symptoms, and when he ignored a GAF score indicating serious impairment.  (Doc. 8).

**A.    RFC Assessment:**

RFC is the most a person can do despite that person's limitations.  20 C.F.R. §404.1545(a)(1).  It is assessed using all relevant evidence in the record.  Id.  This includes medical records, observations of treating physicians and others, and the claimant's own description of her limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005);

-4-

Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "The ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

Plaintiff argues that the ALJ selected pieces of evidence to use in his analysis while ignoring the larger picture of any evidence which did not fit with a finding of "not disabled."

The ALJ found that Plaintiff could perform a full range of work at all exertional levels, with certain nonexertional limitations. (Tr. 15). The ALJ considered Plaintiff's subjective allegations, as well as all of the evidence related to Plaintiff's work history, the observations of non-medical third parties, and the treating and examining physicians. (Tr. 15). The ALJ also considered Plaintiff's daily activities, noting that her impairment-related symptoms did not preclude all work activity, in that she continued working after the alleged onset of disability, and she was working at the time of the decision. (Tr. 16). He considered the treatment records of Dr. Stephen Dollins, Plaintiff's treating physician, as well as Dr. Terry Efird's evaluation, and concluded that Plaintiff's condition was well-controlled by treatment and medication such that the mental demands of sustained unskilled work activity were within his RFC findings. (Tr. 16).

The Court finds, based upon the well-stated reasons outlined in Defendant's brief, that Plaintiff's argument is without merit, and that there was sufficient evidence for the ALJ to make

an informed decision. Therefore, the Court finds there is substantial evidence of record to support the ALJ's RFC findings.

**B.     Whether Plaintiff's impairments met or equaled a Listing:**

As noted by Defendant, the ALJ thoroughly discussed whether Plaintiff met Listing 12.04, and concluded that Plaintiff did not have any marked limitations or episodes of decompensation.

As also noted by Defendant, the ALJ considered the records of Dr. Dollins as well as Dr. Efird's evaluation. There is evidence to support the ALJ's finding that Plaintiff's condition was controlled with medication, and that she worked and performed many social and complex cognitive functions on a regular basis. It is also noteworthy that Dr. Dollins never restricted her from working either full or part-time. The Court is of the opinion, based upon the well-stated reasons outlined in Defendant's brief, that the ALJ thoroughly weighed the evidence and considered the entire record, and that substantial evidence supports the ALJ's ultimate finding of nondisability.

**IV.    Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 12th day of December, 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE